IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUMBER LAPHACHI | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-7211 |
| | : | |
| J.L. JAMISON, in his official capacity as Warden, Federal Detention Center et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez** **October 1, 2026**

Petitioner Jumber Laphachi brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his current detention violates his right to due process under the Fifth Amendment. The Government asserts Laphachi is detained pursuant to 8 U.S.C. § 1226(a) and in accordance with the Third Circuit's ruling in *Buele Morocho v. Warden Philadelphia FDC*, -- F.4th --, 2026 WL 2546223 (3d Cir. Aug 28, 2026). In opposing the petition, the Government seeks to relitigate this Court's previous decision in *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649 (E.D. Pa. June 17, 2026). Because Laphachi was not afforded an individualized custody determination before he was detained, and because administrative exhaustion is excused, the Court will grant the petition and order Laphachi's immediate release.

**BACKGROUND**

A native and citizen of Georgia, Laphachi entered the United States without inspection in 2023. Pet. ¶¶ 1–2, Dkt. No. 1. Together with his wife and daughter, he filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* ¶ 3. His next immigration proceeding is scheduled for March 2028. *Id.* ¶ 6. Laphachi has no criminal record. *Id.* ¶ 1. Since his entry, he has complied with the reporting requirements of Immigration Customs Enforcement (ICE). *Id.* ¶ 4.

On September 14, 2026, when he appeared for a scheduled check-in at the Philadelphia ICE office, Laphachi was detained. *Id.* ¶¶ 4–5. DHS currently holds him at the Federal Detention Center in Philadelphia. *Id.* ¶ 14. Laphachi filed the instant petition on September 17, 2026.

On September 18, 2026, this Court issued an order directing the Government to respond and prohibiting Laphachi's transfer to another jurisdiction. Dkt. No. 2. After the Government filed a response, Laphachi submitted a reply brief. Dkt. Nos. 4, 6.

**DISCUSSION**

Laphachi argues his detention violates due process because ICE did not make an individualized custody determination before detaining him under § 1226(a). Pet'r's Reply 27–28, Dkt. No. 6. The Government maintains § 1226(a) does not require an individualized determination as to whether a noncitizen is dangerous or a flight risk, and Laphachi failed to exhaust administrative remedies because he was "provided the opportunity to ask that an immigration judge review the custody determination – but *refused* that review." Gov't's Resp. 2–4, 8–10, Dkt. No. 4.

As the Government acknowledges, this petition presents issues this Court previously addressed in *Dos Reis v. McShane*. There, the Court held that ICE has discretion to detain or release a noncitizen pending their removal proceeding under § 1226(a), but the agency must "exercise that discretion through an individualized custody determination." *Id.* at *4. Additionally, this Court concluded that administrative exhaustion is excused where the noncitizen either "challenges the legality of the initial deprivation of liberty" or "the record undermines the Government's assertion that the administrative remedy (bond hearing) is presently available." *Id.* at 3.

The Government urges the Court to reconsider these conclusions because some judges in this district have ruled differently. *See, e.g., Ubaid v. Jamison*, No. 26-cv-2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (denying habeas relief to a noncitizen detained under § 1226(a) because noncitizen failed to exhaust administrative remedies) (Younge, J.); *Torres-Duran v. Blanche*, No. 26-

cv-3586, 2026 WL 1878605, at *3–4 (E.D. Pa. June 30, 2026) (same) (Pappert, J.); *Carrillo Gomez v. Jamison*, No. 26-cv-3879, 2026 WL 1959116, at *2–3 (E.D. Pa. July 6, 2026) (same) (Hodge, J.).

Other judges, however, have ruled consistently with *Dos Reis*. *See, e.g., Magno Leonardo Naula Sagbay v. Jamison*, No. 26-cv-7265, 2026 WL 2875765, at *2–5 (E.D. Pa. Sept. 24, 2026) (concluding that exhaustion was excused because "[noncitizen]'s access to…administrative remedies [were] limited by the circumstances of his detention," and that noncitizen's detention violated due process because DHS failed to make an individualized pre-detention custody determination (citing *Dos Reis*, 2026 WL 1746649, at *3)) (Rufe, J.); *Hugo Eduardo Hernandez v. Todd Blanche*, No. 26-cv-6195, 2026 WL 2569475, at *2–5 (E.D. Pa. Aug. 31, 2026) (same) (Perez, J.); *Perez Angeles v. Mullin*, No. 26-cv-7167 (E.D. Pa. Sept. 22, 2026) (order granting habeas relief to a noncitizen detained under § 1226(a) because "Mr. Perez has the right to demonstrate…his release does not pose a danger to property or persons and he is likely to appear for any future proceedings") (Kearney, J.); *Guevara v. Rose*, No. 26-cv-7077 (E.D. Pa. Sept. 22, 2026) (memorandum opinion granting habeas relief to a noncitizen detained under § 1226(a) because "the government was required to assess whether Torres Guevara was a flight risk or danger to his community such that his detention is justified") (Savage, J.); *Regalado-Nauta v. Jamison*, No. 26-cv-6834 (E.D. Pa. Sept. 16, 2026) (memorandum opinion granting habeas relief to a noncitizen detained under § 1226(a) because he was not afforded an individualized custody determination as required by the INA and due process (citing *Dos Reis*, 2026 WL 1746649, at *4–5)) (Beetlestone, C.J.). The Government's arguments do not persuade the Court to reach a different result here.

The Third Circuit's recent decision in *Buele Morocho* further affirms this Court's view that detention without an individualized assessment of dangerousness or flight risk violates due process. 2026 WL 2546223, at *9 (holding that, in the context of § 1225(b)(2)(A), detention without a bond

hearing of noncitizens who have lived in the United States and have no criminal record violates due process).

Here, the Government has not made a reasoned finding that Laphachi is dangerous or a flight risk. The Form I-213 documenting Laphachi's arrest merely indicates he "is subject to President Donald Trump's Executive Order, titled 'Protecting the American People Against Invasion,' signed on January 20, 2025." Gov't's Resp. Ex. A, Dkt. No. 4-1. The Form goes on to state that when Laphachi reported to his scheduled ICE check-in appointment, the Philadelphia Non-Detained Unit simply "confirmed Laphachi's identity, alienage, and removability and served him with a Warrant of Arrest, I-200." *Id.* The same form *confirms* "Laphachi has no previous criminal record and does not have any outstanding wants or warrants." *Id.* Similarly, the Form I-286 submitted by the Government indicates that "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, [a DHS officer] determined that…[Laphachi] will be… [d]etained by the Department of Homeland Security." Gov't's Resp. Ex. B, Dkt. No. 4-2. As the Court explained in *Dos Reis*, "[t]hat is not an individualized custody determination." 2026 WL 1746649 at *4. "It is a categorical detention disposition." *Id.*

Furthermore, Laphachi was not required to exhaust his administrative remedies because he "challenges the legality of his initial deprivation of liberty." *Id.* at *3. And while the Government argues Laphachi willfully declined a bond hearing before an immigration judge, Laphachi's reply brief explains he did not understand the paperwork because ICE did not employ a Georgian interpreter to communicate with him. Gov't's Resp. 3, Dkt. No. 4; Pet'r's Reply 2, Dkt. No. 6. Laphachi also submitted email documents showing his counsel contacted ICE the same day he was detained and requested his release on bond. Pet'r's Reply Ex. H, Dkt. No. 6-1. The Court does not find credible the Government's assertion that Laphachi "chose not to exercise his right to request that an immigration judge review ICE's custody determination." Gov't's Resp. 5, Dkt. No. 4.

**CONCLUSION**

Because exhaustion is excused, and because ICE did not make an individualized custody determination before detaining Laphachi under § 1226(a), in violation of due process, the Court will grant Laphachi's Petition for a Writ of Habeas Corpus. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.